**FILED**
**FEB - 4 2008**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
GARY DUEY DULA, PLAINTIFF PRO SE        *
    6207 TECUMSEH PLACE
    BERWYN HEIGHTS, MARYLAND 20740
    PHONE: 301-441-3669 (HOME AND WORK) *
        v.                                          CIVIL ACTION NO. _____
U.S. DEPARTMENT OF JUSTICE,             *
AND
NATIONAL SECURITY AGENCY,               *        Case: 1:08-cv-00196
AND                                              Assigned To : Walton, Reggie B.
CENTRAL INTELLIGENCE AGENCY,            *        Assign. Date : 2/4/2008
DEFENDENTS                                       Description: Civil Rights-Non-Employ.
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

1.  For his Complaint the Plaintiff pro se is seeking immediate redress from this Honorable Court to halt ongoing violations of Fourth Amendment Rights and other illegal actions perpetrated against the Plaintiff and his family by persons associated with U.S. intelligence agencies and others believed to be acting on their behalf including employees of two previous employers. The federal agencies include the National Security Agency (NSA), the Central Intelligence Agency CIA), and possibly other U. S. federal agencies. The two previous employers include ITT/AES Industries, Inc., (formerly in) Reston, Virginia and Northrop Grumman Corporation (NGC/ES), Lanham, Maryland. Most of the events that form the basis for this cause of action occurred in the Maryland District (Fourth Circuit), the Virginia Eastern District (Fourth Circuit) and the District of Columbia (D.C. Circuit).

2.  In this Complaint, the Plaintiff seeks neither compensatory nor punitive compensation from any of the defendants named herein. Rather, Plaintiff seeks an immediate <u>Writ of Peremptory Mandamus</u> and a demand for <u>Specific Performance</u> against the U.S. Department of Justice (DOJ) and an <u>Injunction</u> against NSA, CIA, and any other U.S. government agencies and any other parties acting on their behalf. Plaintiff's former employers including ITT Corporation (formerly ITT Industries, Inc., AES Division), and Northrop Grumman Corporation (NGC/ES, formerly Litton Industries, Inc., Amecom Division) are not named as Defendants in this Complaint as any continuing involvement on their part will presumably cease upon this Court's issuance of the petitioned <u>Injunction</u> against the named Defendants.

1

3. The Plaintiff is a U.S. citizen residing in Maryland and has been professionally employed by both the U.S. government and private industry over the past thirty-two years. Plaintiff has held TOP SECRET security clearance and has visited both CIA and NSA headquarters on multiple occasions in the conduct of professional activities and/or by invitation for employment interviews and security clearance processing. Additionally, Plaintiff has undergone several weeks of specialized classified technical training at a CIA facility early in his career. Plaintiff has never been an employee of either CIA or NSA. The Fourth Amendment Rights violations and illegal activity claimed herein by the Plaintiff are believed to be related to unclassified and uncontrolled information of concern to intelligence agencies which was disclosed to the Plaintiff by U.S. intelligence personnel during these past visits.

4. Plaintiff accepted employment with ITT/AES in the late 1990s. After about a year of employment the Plaintiff was advised by his supervisor, Eugene McLeod, that his SECRET CIA clearance had been approved, was (supposedly) granted access to SECRET classified information, and participated in at least one meeting at CIA Headquarters. Plaintiff was advised that CIA was considering the Plaintiff for "a higher level of access" and was therefore intending to subject the Plaintiff to an extended "security exercise". This security exercise was intended to both entertain and stress the Plaintiff under a broad range of circumstances in his private and professional life so as to more thoroughly explore the Plaintiff's suitability for specialized programs. The exercise was to involve Plaintiff's family but was not to be discussed with family, coworkers, or other security exercise participants. Plaintiff's immediate supervisors Marc Harlacher and Eugene McLeod, Security personnel Steve Friend and Vicki Balides, and others had direct knowledge of this security exercise at the time.

5. This security exercise which appeared to start while at ITT/AES was continued at the Plaintiff's subsequent employer, NGC/ES, in early 2001 with (Plaintiff contends) the direct knowledge and active participation of both management and staff including managers George Andrew, Dwight Yoder, Jay Kovacs, David Winner, Mike House, and Christine Dungle, Security personnel William White and J.R. Jackson, and others. At NGC/ES the activity ceased to be entertaining but the harassment and illegal actions against the Plaintiff, his family, and his property continued.

6. While employed with NGC/ES Plaintiff complained contemporaneously to security personnel of harassment and illegal acts being directed toward the Plaintiff and his family by individuals acting on behalf of U.S. government agencies. Contemporaneous statements in this regard were made to DOD/DIS Senior Special Agent Susan F. Buckley (mid-2001) and to Senior NGC/ES Security Manager J.R. Jackson (late 2004). No apparent action was taken by either individual. Additionally, letters were sent to U.S. intelligence agencies including CIA, NSA, and DOD/DSS (formerly DOD/DIS) in early 2003, and early and mid 2005 demanding an explanation for and the cessation of these actions. No responses were received from any of these agencies. (See correspondence items listed in Exhibit A.)

7. A partial list of Forth Amendment Rights violations being perpetrated against the Plaintiff and his family include: illegal entry into residences, illegal searches and seizures of property from residences, illegal wiretaps and call redirection, intercept/alteration of U.S. Mail and/or removal of mail from the system, and other rights violations. Other illegal acts perpetrated against the Plaintiff and his family includes falsification of court records, forgery, falsification of medical records, falsification of U.S. government identification documents, and other severe offenses for which the Plaintiff fears the consequences for disclosure to the Plaintiff and his family. The well being and whereabouts of targeted family members are uncertain. Additionally, the Plaintiff is routinely blocked from accessing those safe harbors established within federal agencies for refuge to the citizen abused by government including U.S. Attorneys, and FBI. Access to personal legal council has also been blocked so mandating a *pro se* Complaint to this Honorable Court. These actions are outside the scope of legitimate U.S. government activities permitted under current FISA law, the Patriot Act, or law governing the use of National Security Letters, for either criminal or intelligence information gathering purposes.

8. Items of correspondence listed in Exhibit A to this Complaint support Plaintiff's claims that the DOJ has either not received the Plaintiff's mail (for the reasons stated in this complaint) or has ignored the Plaintiff's multiple requests for intervention and protection in this matter and has chosen to take no action toward investigating the Plaintiff's allegations.

9. Wherefore, Plaintiff petitions this Honorable Court to issue an immediate <u>Writ of Peremptory Mandamus</u> and a <u>Demand for Specific Performance</u> against the U.S. Department of Justice (DOJ). Plaintiff seeks this extraordinary <u>Writ of Peremptory Mandamus</u> to compel the DOJ to investigate Plaintiff's claims of multiple Fourth Amendment Rights violations and of criminal acts perpetrated against the Plaintiff and his family by personnel associated with CIA, NSA, former employers ITT/AES and NGC/ES, and others acting on behalf of U.S. intelligence agencies. Plaintiff also seeks an immediate <u>Demand for Specific Performance</u> to compel DOJ to perform the following:

   a) Provide immediate protection to the Plaintiff and his family

   b) Restore and insure the Fourth Amendment Rights of the Plaintiff and his family including free and unrestricted access to legal council

   c) Determine the whereabouts and well being of all of Plaintiff's immediate family members including Stephanie Pauline Dula (mother), James Wayne Dula (brother), and Karen Louise Dula/Evans (sister) and arrange in-person contact with these family members at DOJ offices with DOJ oversight.

   d) Intervene, review, and suspend ongoing actions of fraud against the Plaintiff by the NSA and parties acting on their behalf as manifested in the following judicial proceeding: In The Circuit Court for Anne Arundel County, Annapolis, Maryland, Case Number 02-C-07-122288AA. See Exhibit B.

10. Wherefore, the Plaintiff petitions this Honorable Court to issue an immediate <u>Injunction</u> against U.S. intelligence agencies including but not limited to the NSA and the CIA. The petitioned <u>Injunction</u> is sought to halt all illegal and all unauthorized security actions being perpetrated against the Plaintiff and his family by personnel associated with the NSA, the CIA, other U.S. government agencies and any others acting on their behalf. Plaintiff requests that the petitioned <u>Injunction</u> remain in force pending the outcome of the requested DOJ investigation and intervention detailed above.

## STATEMENT OF AUTHORITIES

Plaintiff relies upon the following authorities: the Fourth Amendment to the Constitution of the United States, the Foreign Intelligence Surveillance Act (FISA), the Patriot Act, law governing use of National Security Letters (NSLs).

ADDRESSES OF PARTIES

1. Plaintiff pro se is a U.S. citizen and resides at the following address:

    Gary D. Dula
    6207 Tecumseh Place
    Berwyn Heights, MD 20740

2. The Defendants are agencies of the U.S. government and are believed to be located at the following addresses:

    U.S. Department of Justice
    950 Pennsylvania Avenue, N.W.
    Washington, DC 20530

    National Security Agency
    Fort George G. Meade, MD 20755

    Central Intelligence Agency
    Washington, DC 20505

3. The previous employers identified in this Complaint are U.S. corporations and are believed to be located at the following addresses:

    ITT Corporation (formerly ITT/AES Industries, Inc.)
    4 West Red Oak Lane
    White Plains, NY 10604

    Northrop Grumman Corporation (formerly Litton Industries, Inc. Amecom Division)
    1840 Century Park East
    Los Angeles, CA 90067

EXHIBIT A: RELEVANT CORRESSPONDENCE

The following twenty-one (21) correspondence items are referenced but not included herein. Copies will be provided upon request.

1. Letter to U.S. DOD Defense Investigative Service (DOD/DIS), Susan F. Buckley, Senior Special Agent from Gary D. Dula dated December 1, 2007; Registered U.S Mail receipt (RB843711415US) with Signature Confirmation receipt (2303 3090 0000 0043 0236).
2. Letter to Northrop Grumman Corporation (NGC), Chief Corporate Council for Northrop Grumman Corporation from Gary D. Dula, dated August 1, 2007; Certified U.S. Mail receipt (7006 0100 0004 4941 1896).
3. Letter to ITT Industries, Inc., Steven R. Loranger (CEO) from Gary D. Dula dated August 2, 2007; Certified U.S. Mail receipt (7006 0100 0004 4941 1902); copy to Vincent Maffeo, General Council, Registered U.S. Mail receipt (RB843711075US) with Signature Confirmation receipt (2306 1570 0000 6813 8390).
4. Letter to U.S. Department of Justice, Mr. Alberto Gonzales the Honorable U.S. Attorney General from Gary D. Dula dated July 26, 2007; Certified U.S. Mail receipt (7007 1490 0000 5796 0850) and Registered U.S. Mail receipt (RB843711061US) and signature Confirmation receipt (2306 1570 0000 6820 3104).
5. Letter to U.S. DOD Defense Security Service, Susan F. Buckley, Senior Special Agent from Gary D. Dula dated August 2, 2007; Registered U.S Mail receipt (RR785828868US); Note: This letter was so addressed

to DOD/DSS based upon the emphatic assertion by NGC security personnel William White and J.R. Jackson that the DOD Defense Investigative Service (DOD/DIS) was renamed to be the DOD Defense Security Service (DOD/DSS), and that any correspondence should reflect the new organizational name. The rest of the address was taken from the business card of agent Susan F. Buckley. Except for this change to the name of the organization, the letter to DOD/DIS dated 12/01/07 is identical to the letter sent to DOD/DSS dated 8/02/07.

6. Letter from Theresa Weathers, Civil Rights Division of the U.S. Department of Justice to Gary Dula dated July 13, 2007; U.S. DOJ correspondence designations: TW:1b, DJ 144-35-0.
7. Letter from Cornett Lewers, Senior Counsel and Director, Corporate Compliance Programs, ITT Corporation to Gary D. Dula dated August 9, 2007.
8. Letter from Robert H. Ingle, III, Northrop Grumman Systems Corporation, Employment Law Department to Gary D. Dula dated August 30, 2007.
9. Letter to U.S. DOD Defense Security Service, Susan F. Buckley, Senior Special Agent from Gary D. Dula dated July 7, 2007; Certified U.S. Mail receipt (7007 0710 0000 6588 7389).
10. Letter to U.S. DOD Defense Security Service, Susan F. Buckley, Senior Special Agent from Gary D. Dula dated July 7, 2007 (second mailing), with handwritten note dated 7/25/07; Certified U.S. Mail receipt (7007 0220 0002 5052 2608).
11. Letter to the Central Intelligence Agency, Director of Central Intelligence (DCI) from Gary D. Dula dated July 11, 2007; Certified U.S. Mail receipt (7007 0710 0001 9404 3250).
12. Letter to the National Security Agency, the Honorable Director of the National Security Agency from Gary D. Dula dated July 11, 2007; Certified U.S. Mail receipt (7007 0710 0001 9404 3113).
13. Letter to the U.S. Attorney General from Gary D. Dula, dated June 25, 2007; Certified U.S. Mail receipt (7007 0710 0001 9404 3236).
14. Letter to the Central Intelligence Agency, Office of Public Affairs, from G. Dula, dated July 20, 2005; Certified U.S. Mail receipts (7003 3110 0001 2497 4679).
15. Letter to DOD Defense Security Service, Office of Inspector General, from G. Dula, dated July 20, 2005; Certified U.S. Mail receipt (7003 3110 0001 2497 6949).
16. Letter to the National Security Agency, Office of Legal Affairs, from G. Dula, dated July 20, 2005; Certified U.S. Mail receipt (7003 3110 0001 2497 4686).
17. Letter to the Central Intelligence Agency, Director of Central Intelligence, from G. Dula, dated March 17, 2005; Certified U.S. Mail receipt (7004 0550 0000 8721 7891).
18. Letter to the Central Intelligence Agency, Personnel Security Division, from G. Dula, dated March 8, 2003; sent via First Class U.S. Mail.
19. Letter to the U.S. Department of Justice, Civil Rights Division, from G. Dula, dated June 12, 2007; Certified U.S. Mail receipt (7007 0001 9404 3045).
20. Letter to the U.S. Department of Justice, Criminal Division, from G. Dula, dated June 12, 2007; Certified U.S. Mail receipt (7007 0710 0001 9404 3021).
21. Letter to the U.S. Attorney General from Gary D. Dula, dated June 25, 2007; this is the second mailing of this letter. It is identical to the previous letter of the same date except that the address has been corrected. Certified U.S. Mail receipt (7007 0710 0001 9404 3052).

EXHIBIT B: SELECTED DOCUMENTS FROM AAC/CC CASE NO. 02-C-07-122288AA

Copies of the following court documents are included herein.
1. Plaintiff's Memoranda filed at Anne Arundel County Circuit Court (AAC/CC) on December 28, 2007.
2. Plaintiff's Motion To Join NSA filed at AAC/CC on October 5, 2007.

Gary D. Dula, Plaintiff *pro se*   [signature]   Date: 2/04/08
6207 Tecumseh Place
Berwyn Heights, MD 20740
Phone: (301) 441-3669 (Home and Work)

MEMORANDUM

IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY *

PETITION OF GARY DULA                              *
6207 Tecumseh Place
Berwyn Heights, Maryland 20740                     *

FOR JUDICIAL REVIEW OF THE DECISION OF             * CIVIL NO.
THE OFFICE OF ADMINISTRATIVE HEARINGS                02-C-07-122288 AA
Administrative Law Building                        *
11101 Gilroy Road
Hunt Valley, Maryland 21031-1301                   *

and the                                            *

DEPARTMENT OF HEALTH AND MENTAL HYGIENE            *
201 West Preston Street
Baltimore, Maryland 21201                          *

IN THE CASE OF:                                    * CASE NO.
GARY DULA                                            DHMH/BWMC-01-07-12400
                                                   *
        V.
                                                   *
DEPARTMENT OF HEALTH AND MENTAL HYGIENE
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM

Petitioner Gary Dula pursuant to Rule 7-207, submits the following memorandum to the Court in support of the petition for judicial review.

**STATEMENT OF FACTS AND QUESTIONS PRESENTED**

**I. About the Petitioner.**

The Petitioner is a college educated U.S. citizen residing in Maryland and has been professionally employed by both the U.S. government and private industry over the past thirty two years in the high tech electronics industry. Petitioner has held TOP SECRET security clearance and has visited both the Central Intelligence Agency (CIA) and the National Security Agency (NSA) headquarters on multiple occasions in the conduct of professional activities and/or by invitation for employment interviews and security clearance processing. Additionally, Petitioner has undergone several weeks of specialized classified technical training at a CIA facility early in his career. Although Petitioner has never been an employee of either CIA or NSA the Petitioner has worked for numerous employers in support of classified programs and alongside coworkers with ties to a wide range of these and other U.S. government agencies.

Petitioner is experienced and has been trained by the U.S. government in the professional use of firearms. Early in his career Petitioner was trained in the use of a handgun in the performance of his duties as a Security Representative for the Internal Security Division of a U.S. government agency. Petitioner was issued by the federal government a permit to carry a firearm

FILED
08 0196   FEB - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(handgun) in the protection of (up to) Top Secret classified information while in the conduct of service to that agency.

Petitioner has an excellent performance record with all past employers, has never been fired from a job, has never filed for bankruptcy, has never drawn or filed for federal or public assistance, and has excellent credit.

Petitioner has never had trouble with the law, never had a DUI, never had any problem with any kind of substance abuse, and has an excellent driving record. Petitioner has never had a mental illness has never taken drugs for a mental illness, and has no history of mental illness in his family.

As expected, throughout his career Petitioner has been subjected to various security investigations and actions as is standard practice for employees holding or requesting a U.S. government security clearance.

Petitioner must stress that as unpleasant and inconvenient as this proceeding may be, nothing herein mandates or justifies the Petitioner's disclosure of any facts, events, or other information deemed sensitive and entrusted to the Petitioner under non-disclosure agreement with one or more U.S. government agencies. The Petitioner is therefore somewhat restricted in framing a proper legal posture as some information relevant to this proceeding shall not be disclosed due to its sensitivity to U.S. government agencies. Petitioner asks for some consideration from the Court in this regard.

## II. General Statement of Petitioner's Posture in this Proceeding.

Petitioner emphatically states that the entire record of events leading up to, during, and subsequent to OAH Hearing that supposedly took place at BWMC on 4/03/07 is criminally fraudulent. The fraud is apparent in the voice recordings, written transcript, and in all derivative documents and records. The audio recording and the associated transcript have been falsified to support forged documents indicating a false diagnosis of a mental illness and a plan for follow-on care. This fraud creates a pretext for justifying forced commitment and forced administration of drugs at BWMC or some other facility.

This matter involves fraud within the Maryland health care system with manipulation of DHMH and OAH records, processes, and personnel. This entire matter is extraordinary due to the Maryland state, federal, and private parties involved, and the grave potential consequences to the Petitioner and the citizens of the State of Maryland.

Throughout the transcript and records referenced from OAH and BWMC the specific dates, times, locations of all events and identities of all individuals supposedly involved in the events have either been falsified, or were never known and are impossible to verify.

BWMC testifies that they were compelled to become involved with the events that led up to the (alleged) 4/03/07 AOH Hearing by actions

and testimony from individuals claiming to be NSA security personnel and Maryland State Police. No records have been provided by the NSA, the Maryland State Police (MSP), or the Maryland Office of the Public Defender (MOPD). Petitioner challenges the veracity of all statements made and information provided by all parties and individuals involved from the above organizations in the events leading up to, during, and following the OAH Hearing held on 4/03/07. Plaintiff alleges fraud throughout the record and specifically alleges fraud against the management and staff of BWMC and NSA, with support from individuals claiming to represent the Maryland State Police, the Maryland Office of the Public Defender, and others.

The Petitioner's appeals for intervention and assistance by the Office of the Maryland Attorney General, Maryland Insurance Administration (MIA), and the Maryland Health Insurance Plan (MHIP) and other sources to counter this fraud have been essentially ignored.

The Petitioner has encountered resistance in all efforts to attain viable legal advocacy in this petition. This resistance to Petitioner's efforts to acquire trustworthy council is believed to be attributable to the extraordinary nature of this alleged series of events and the influence of the parties involved.

According to the transcript this entire matter centers around the testimony provided against the Petitioner, supposedly, from the two parties of BWMC and NSA. Strangely, Petitioner's motion to join them has been denied by this Court. This refusal by this Court to join them assures that neither party will have to explain or defend their testimony in the record. The agency, represented by The Assistant Attorney General for DHMH in this proceeding, has notified this Court and stated that it had no interest in the outcome of this proceeding and that his agency did not want to be involved at all. Who then is accountable to the Petitioner in this proceeding? Who answers and defends a contrived record that would never survive real scrutiny?

**Petitioner states that the audio record, transcript, and their supporting documents and testimony have been falsified throughout.** Preparation of a successful pro se or representative defense is therefore not possible. The Petitioner is thus postured to either abandon his defense in this proceeding or attempt to frame a defense relying upon these fraudulent records. This Court appears to have neither an interest in nor a process for countering such fraud within the proceeding.

Petitioner's allegations of fraud can not, therefore, be redressed through this proceeding or by this Court. Petitioner is thus compelled to proceed in the advancement of his interests in this petition to the extent possible by referencing the fraudulent records and by presenting a pro se defense within the procedures set forth in the Maryland Rules.

Petitioner stands on his statements presented in the letters that he authored and already filed with the Court at the time they were filed as well as testimony presented herein. Petitioner lists some specific items in the following paragraphs upon which action is requested for the Court record. However, nothing that the Petitioner

presents herein shall be interpreted as endorsing the veracity of any part of the transcript, audio recordings, or supporting documents and testimony of the alleged OAH Hearing of 4/03/07.

Petitioner contends that there is no reliable and factual record upon which to structure this memorandum. Petitioner therefore will make some departure from the usual format for presenting the information included herein. The Petitioner requests some accommodation in this regard from this Court and other parties.

### III. Specific Issues to be Answered.

1. Petitioner requests DHMH and BWMC records. Petitioner requests copies of all DHMH and BWMC records and all other documents in their files relating to the alleged events leading up to, during, and subsequent to the OAH Hearing on 4/03/07. Petitioner requests copies of the entire BWMC record including but not limited to police reports, medical diagnoses, treatment plans, admission and release forms, consent forms, medical test reports, daily treatment schedules, daily itinerary with staff, and any and all other records upon which BWMC relied in developing its testimony of the 4/03/07 OAH Hearing.

2. Petitioner Requests Details of Key Events. Petitioner requests the details including exact dates, times, locations, and identity of persons involved in every event stated in the transcript and that the source of these details be identified in each instance including documents and reports generated by all parties. These details shall be provided for the following events as a minimum:
    a) Petitioner's alleged appearance at "NSA Gates" on two separate occasions. Include addresses and map locations. Include ID numbers and contact information for NSA personnel involved.
    b) Petitioner's alleged meetings with FBI. Include addresses, map locations. Include ID numbers and contact information for FBI personnel involved.
    b) Petitioner's alleged arrest and transport to BWMC by the MSP, including point of departure and point of arrival. Provide address and map locations of arrival and departure points. Include map showing BWMC point of destination.
    c) Petitioner's alleged meetings with each member of BWMC staff. Include floor plan of BWMC facility and locations where Petitioner allegedly met with each member of BWMC staff throughout the period from 3/26/07 through 4/03/07. Include the names, titles, and copies of photo identification of each BWMC employee, contractor, and/or staff. Include floor plan of BWMC facility wherein Petitioner allegedly stayed and indicate locations of meetings involving Petitioner.

3. BWMC's Claim to Involvement at NSA's Request. BWMC testifies that they were compelled to become involved in the events that led up to the 4/03/07 AOH Hearing by actions and testimony by NSA security personnel and Maryland State Police. But according to BWMC, no identification was provided by so-called NSA personnel or Maryland State police, their names were never known, the locations where they were encountered or performed their duty was not stated, the times (where times are stated) are false, and no reports were ever made available. This is not the way the NSA Security Personnel and the Maryland State Police are known to operate. Petitioner contends that the testimony that BWMC claims was obtained from NSA and MSP personnel is false and appears in the transcript as hearsay-on-top-

4

of-hearsay. There is no record of any kind in NSA that NSA ever saw, met with, or talked to the Petitioner.

4. BWMC's Statement that Equates Involvement in a Security Exercise with a Mental Illness. Over his 32 year career, Petitioner has participated in a variety of both on-job and off-job functions that were "security centric" while working for various U.S. government agencies and contractors to the U.S. government. Petitioner's past employers and fellow employees have included the Petitioner in security centric social activities wherein family members may be participants. Such activities are generally not made known to the public or even outside the immediate group of approved participants. BWMC staff claim to have no knowledge of such security minded social and professional activities and therefore find a claim of involvement in any such activity to be "unlikely" and lacking credibility. BWMC's statements that a "claim to be involved in a security activity seemed so unlikely as to indicate a mental illness" is somewhat understandable but wrong as BWMC staff would not be expected to have any such knowledge or experience. They may be right if such a claim came from a 30-year employee of a local super market. As Petitioner stated in earlier paragraphs, the Petitioner has had professional association with NSA, CIA, and other U.S. government agencies extending back for over 30 years. Petitioner has been to both NSA and CIA headquarters multiple times by their invitation and has worked for security based agencies and their contractors throughout his career. BWMC is therefore not qualified to declare that any involvement by the Petitioner in a security exercise with government agencies is unlikely or not credible. BWMC's statements are not applicable to an individual with the Petitioner's background. The OAH Judge erred in that she made no attempt to explore and validate BWMC's expertise in this regard. The Plaintiff asks that this Court reject BWMC's transcript statements in this regard, stipulate to the error of the OAH Judge, and to immediately grant Plaintiff's petition.

5. BWMC's Claim that Petitioner's Blood Glucose Levels were Dangerously High. BWMC has stated that the Petitioner, while allegedly at BWMC, was exhibiting dangerously high blood glucose levels and that the Petitioner was in need of almost constant need of insulin to control glucose levels. This testimony and any medical tests that BWMC claims as supporting this testimony have been falsified. Petitioner has never had insulin prescribed by his personal physicians in his past. Petitioner has previously filed contradictory blood glucose data with this Court for the four (4) month period immediately following the period of 3/26/07 through 4/03/07. The Petitioner's data shows the Petitioner s blood glucose levels to be well monitored and controlled throughout the four month period. BWMC used falsified data in its claim of high blood glucose levels while the Petitioner was allegedly at BWMC. According to the transcript this claim is thenused to support the assertion that the Petitioner was not capable of tending to his own medical needs and should be held at BWMC indefinitely and forced to take insulin and other drugs for his own good. Based upon Petitioner's blood glucose data filed previously with this court, Petitioner requests that this Court dismiss the test results and resulting testimony provided by BWMC and that the petition be immediately granted.

6. BWMC's Claim that Petitioner had a Worsening Mental Illness. Petitioner has never had a mental disorder, has never been treated for a mental disorder, and has never taken medication for a mental disorder. BWMC, however, claims that the Petitioner had been

suffering from a mental problem for the past 7 years and that the alleged condition is getting worse. BWMC also states that the Petitioner's condition was so severe that the Plaintiff was incapable of providing informed consent regarding treatment while allegedly at BWMC. This testimony by BWMC is criminally false and again supports their claim that the Petitioner was in need of forced institutional care and that the forced administration of psychotic drugs was necessary. Upon what records or individual's testimony does BWMC rely in making this claim that the Petitioner had a history of mental illness and that it was getting worse?

7. BWMC's Claim of Having Received Testimony From Petitioner's Family. Petitioner challenges BWMC's testimony that BWMC was in contact at any time with Petitioner's family. BWMC's claim of having received testimony via telephone or any other means is challenged. Petitioner requests to see source documents supporting such claims by BWMC. Upon what documents or verbal information did BWMC rely in determining that anyone claiming to be a family member was authentic? For each family member that BWMC had contact with please provide the date, time, and location of each instance of contact, the identification provided provided by that family member, and their return telephone numbers and addresses. Include the identities of all individuals representing BWMC that had contact with a member of Petitioner's family in each instance.

8. BWMC's Claim that Petitioner's Family Had a History of Mental Illness. BWMC claimed that there was a question of mental illness in the Petitioner's family. This is false. The Petitioner has never had a history of mental illness in his family on either his mother's or father's side. Upon what records or individual's testimony does BWMC rely in making this claim?

9. The Petitioner was never photographed, finger-printed, retinal-scanned, blood-sampled, urine-sampled, or DNA-sampled. A document identified in the transcript supposedly bearing plaintiff's signature was forged. Upon what evidence does BWMC rely in its claim that the Petitioner was ever at its facility? Provide the address and a detailed map location for the facility at which the Petitioner was allegedly retained.

10. Petitioner Requests DHMH and BWMC Contact Information and Medical Forms. The Petitioner requests that both BWMC and DHMH provide the following information: a) Address, telephone number, and point of contact person to attain all records relevant to the Petitioner, and the same information for BWMC's legal council. b) Medical release forms which authorize release of all records to a third party and the correct address and point of contact at BWMC to whom the completed form is to be sent.

**ARGUMENT**

In the Petition for Judicial Review the Petitioner requests that this Court reverse the "findings of fact" denoted items 1), 2), and 5) on certification form OAH 1053 (Rev. 9/96). In this proceeding the Petitioner is not attempting to introduce new evidence to influence the "findings of fact" accepted in the Hearing of 4/03/07. Rather, the Petitioner's goal is to reexamine the testimony and evidence already provided by BWMC in the 4/03/07 OAH Hearing. It is Petitioner's position that the transcript shows that the testimony of BWMC was false, the overall evidence against the Petitioner was inadequate, reveals serious errors made by the ALJ Judge, and does

not properly support the "Findings of fact" denoted 1), 2), and 5) on OAH form 1053 (Rev. 9/96) adopted by the individual claiming to be ALJ Kimberly Farrell in the Hearing.

## CONCLUSION

For the foregoing reasons, and to obtain justice in this proceeding this Court must reverse the "findings of fact" denoted items 1), 2), and 5) on certification form OAH 1053 (Rev. 9/96) resulting from the alleged OAH Hearing held on 4/03/07 by ALJ Kimberly Farrell as requested by the Petition for Judicial Review.

### Statement of Authorities

Rule 7-207 sets for the authority, terms, and conditions for filing Memoranda in support of the Petition for Review.

_____
Gary D. Dula
6207 Tecumseh Place
Berwyn Heights, MD 20740

Plaintiff/Petitioner (*pro se*)

### Certificate of Service

I HEREBY CERTIFY that on this **28TH day of December, 2007**, the foregoing **Memorandum** and Statement of Authorities were served via First Class U.S. Mail postage prepaid upon:

  Baltimore Washington Medical Center,
  Attention: Legal Office
  301 Hospital Drive
  Glen Burnie, Maryland 21061

  National Security Agency
  Office of Legal Affairs
  Fort George G. Meade, Maryland 20755

  Daniel R. Malone, Assistant Attorney General
  Department of Health and Mental Hygiene
  Suite 302
  300 West Preston Street
  Baltimore, Maryland 21201

  Docketing Clerk
  Office of Administrative Hearings
  Administrative Law Building
  11101 Gilroy Road
  Hunt Valley, Maryland 21031

_____
Gary D. Dula

Plaintiff/Petitioner (*pro se*)

MOTION TO JOIN PARTY (NSA)

IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY *

PETITION OF GARY DULA *
6207 Tecumseh Place
Berwyn Heights, Maryland 20740 *

FOR JUDICIAL REVIEW OF THE DECISION OF * CIVIL NO.
THE OFFICE OF ADMINISTRATIVE HEARINGS   02-C-07-122288 AA
Administrative Law Building *
11101 Gilroy Road
Hunt Valley, Maryland 21031-1301 *

and the *

DEPARTMENT OF HEALTH AND MENTAL HYGIENE *
201 West Preston Street
Baltimore, Maryland 21201 *

IN THE CASE OF: * CASE NO.
GARY DULA   DHMH/BWMC-01-07-12400
 *
       V.
 *
DEPARTMENT OF HEALTH AND MENTAL HYGIENE
* * * * * * * * * * * * * * * * * * * * * * * * * *

**Motion to Join Party**

Petitioner Gary Dula pursuant to Rule 2-213, moves to join the the the following party:

    National Security Agency
    Office of Legal Affairs
    Fort George G. Meade, Maryland 20755

In this action the plaintiff is pursuing an appeal of certain specific findings of fact adopted by the Administrative Law Judge (ALJ) in the Hearing conducted on 4/03/07 by the Office of Administrative Hearings (OAH). Plaintiff is not challenging the decision of the ALJ to release the plaintiff from involuntary confinement as indicated on OAH form 1053 (REV.9/96).

The party being joined is alleged to be a primary source of information and primary participant in the events relevant to this petition. It is information and/or testimony made by or relating to this party upon which the ALJ relied in deriving the "findings of fact" indicated on the form OAH 1053 (REV. 9/96) resulting from the OAH Hearing held on 4/03/07.

In the Petition for Judicial Review, which is the basis for this action, Plaintiff requests that this court reverse the "findings of fact" denoted items 1), 2), and 5) on certification form OAH 1053 (Rev. 9/96). In this action the plaintiff is not attempting to introduce new evidence to influence the "findings of fact" accepted in the Hearing of 4/03/07. Rather, the plaintiff's goal is to reexamine the testimony and evidence already provided by BWMC in the 4/03/07 OAH Hearing. It is plaintiff's position that the testimony of

FILED 2007 OCT -5 A 10:56

FILED
FEB - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

08 0196

BWMC was false and inadequate and does not properly support the "findings of fact" (noted 1), 2), and 5) on OAH form 1053 (REV.9/96) adopted by the individual claiming to be ALJ Kimberly Farrell in the Hearing. The joinder and participation of this party is necessary to corroborate testimony and claims made by BWMC at the OAH Hearing on 4/03/07.

As grounds for joinder of NSA via this motion, petitioner further states:

1. Throughout the records available from OAH and BWMC, the details of dates, times, locations of events and true identities of all individuals involved are either not available or have been falsified. (No records have as yet been provided by the National Security Agency (NSA), the Maryland State Police (MSP), or the Maryland Office of the Public Defender (MOPD)). Plaintiff challenges the veracity of all statements made and information provided by all parties and individuals involved from the above organizations in the events leading up to, during, and following the OAH Hearing held on 4/03/07. Plaintiff claims that the record of statements supposedly made by the plaintiff and documents supposedly signed by the plaintiff has been falsified. Plaintiff alleges fraud throughout the record and specifically alleges fraud against the management and staff of BWMC and NSA, with support by individuals claiming to represent the Maryland State Police and the Maryland Office of the Public Defender. It is the plaintiff's belief that these allegations of fraud are not well redressed through this proceeding or by this Court. Plaintiff therefore is compelled to proceed in the advancement of his interests in this action as best as can be done consistent with the procedure set forth in the Maryland Rules.
2. According to the testimony by BWMC, BWMC became involved with the events allegedly involving the plaintiff at the request of the NSA.
3. NSA was not a party to the 4/03/07 Hearing conducted by the Office of Administrative Hearings, and provided no official Agency input, neither written nor oral statement, to that hearing.
4. NSA has not responded to plaintiffs attempts to contact them and have not provided a record of their involvement in this matter.
5. Plaintiff requests that NSA be formally joined to this proceeding to confirm the details of their involvement in the events leading to the "findings of fact" in the Hearing conduced by the ALJ on 4/03/07 and to support or countermand the testimony provided by BWMC.
6. According to the audio record from the OAH Hearing conducted on 4/03/07, the entire basis for the "findings of fact" denoted items 1), 2), and 5) on certification form OAH 1053 (Rev. 9/96) is the testimony provided by the staff of BWMC which centers around events supposedly involving NSA property and comments supposedly made to BWMC by NSA personnel. These events are described only generally by BWMC staff, and comments (hearsay) supposedly provided by personnel of the NSA were heard or overheard only indirectly through a chain of multiple persons on BWMC staff. According to BWMC the NSA personnel they claim were involved would either not provide their name or BWMC expressed no interest in determining their identity. Absolutely no details of dates, times, or locations of events involving NSA, or the NSA personnel (supposedly) involved have been provided by BWMC.

FILED 2007 OCT -5 A 10 56

7. The joinder of NSA and the information they will provide will clarify NSA's role in the events that supposedly mandated BWMC's involvement and formed the basis "findings of fact" on OAH form 1053 (REV. 9/96) which resulted from the 4/03/07 Hearing. Plaintiff finds absolutely no record detailing the dates, times, locations in which NSA was supposedly involved in these events nor any details of the NSA personnel involved. Plaintiff challenges the entire testimony and record relating to the dates, times, and locations when/where NSA was supposedly involved in this matter, and the identity of the NSA personnel that supposedly provided statements to BWMC staff. *Except in the Motions, letters, and other court filings by the plaintiff, the plaintiff finds no documented reference to NSA involvement at all.*

8. Justice cannot be served in this case without the joining and reasonable participation of NSA.

### Statement of Authorities

This motion follows Maryland Rule 2-213 which addresses joinder of parties and is summarized as follows: So long as one of the original plaintiffs and one of the original defendants remain as parties to the action, parties may be added or dropped by either (a) amendment to the pleading under Rule 2-341 or (b) by order of the Court on motion of any party or on its own initiative.

Gary D. Dula
6207 Tecumseh Place
Berwyn Heights, MD 20740

Plaintiff/Petitioner (*pro se*)

### Certificate of Service

I HEREBY CERTIFY that on this **5TH day of October, 2007,** the foregoing **Motion to Join Party** and Statement of Authorities were served via First Class U.S. Mail postage prepaid upon the following four (4) parties:

National Security Agency
Office of Legal Affairs
Fort George G. Meade, Maryland 20755

Baltimore Washington Medical Center,
Attention: Legal Office
301 Hospital Drive
Glen Burnie, Maryland 21061

Daniel R. Malone, Assistant Attorney General
Department of Health and Mental Hygiene
Suite 302
300 West Preston Street
Baltimore, Maryland 21201

FILED 2007 OCT -5 A 10 56

Docketing Clerk
Office of Administrative Hearings
Administrative Law Building
11101 Gilroy Road
Hunt Valley, Maryland 21031

*[signature: Gary D. Dula]*

Gary D. Dula

Plaintiff/Petitioner (*pro se*)

FILED
2007 OCT -5  A 10: 56

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** Gary Duey Dula, Plaintiff pro se

**DEFENDANTS** U.S. Department of Justice, and National Security Agency and Central Intelligence Agency

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)
Prince Georges County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary Duey Dula   301 441 3669
6207 Tecumseh Place
Berwyn Heights, MD 20740

Case: 1:08-cv-00196
Assigned To : Walton, Reggie B.
Assign. Date : 2/4/2008
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

(5)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*Filed Under: U.S. Constitution, Fourth Amendment and 42 USC 1983 (Civil Rights)*

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** *N.F.*   (See instruction)   ☐ YES  ☒ NO   *There are no other federal cases related to this action.*   If yes, please complete related case form.

DATE *2-4-08*   SIGNATURE OF ATTORNEY OF RECORD *[signature] Plaintiff, pro se.*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

:\forms\js-44.wpd