UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY DUEY DULA, | ) |
| Plaintiff pro se, | ) |
| v. | ) Civil Action No. 08-0196 (RBW) |
| U.S. DEPARTMENT OF JUSTICE, et al. | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO, AND MOTION TO STAY,
PLAINTIFF'S MOTION FOR AN IMMEDIATE COURT ORDER FOR
A WRIT OF PEREMPTORY MANDAMUS WITH DEMAND FOR
SPECIFIC PERFORMANCE AND AN INJUNCTION AGAINST THE DEFENDANTS**

Defendants oppose and move to stay Plaintiff's Motion for an Immediate Court Order for a Writ of Peremptory Mandamus with Demand for Specific Performance, and an Injunction Against the Defendants. In this case Plaintiff seeks an immediate injunction against the National Security Agency ("NSA"), Central Intelligence Agency ("CIA"), and any other U.S. government agencies and any other parties acting on their behalf, as well as a Writ of Peremptory Mandamus and a demand for Specific Performance against the U.S. Department of Justice ("DOJ"). See R. 1[1], ¶ 2. Plaintiff argues that there are ongoing violations of his Fourth Amendment Rights and other illegal actions perpetrated against him and his family by persons associated with Defendants NSA and CIA, as well as others believed to be acting on their behalf, including employees of two of Plaintiff's previous employers. See id., ¶ 1. Although Plaintiff initiated this action in this Court, Defendants have made it clear that venue is more appropriate in the District of Maryland. See R. 3. Nevertheless, Plaintiff now reasserts similar demands in his

---
[1] "R." followed by a number refers to the document identified at that number on this Court's docket entries.

instant Motion to those in the Complaint, and asks additional direct questions of the Court regarding jurisdiction. See R. 7; cf. R. 1.

In the interest of judicial economy, the Court should stay Plaintiff's instant Motion and decide Defendants' Motion to Transfer, which is pending before the Court. As Defendants have argued, the more appropriate venue for this case is the District of Maryland. See R. 3. Plaintiff's instant Motion resembles his Complaint significantly, in the substance of its claims and the relief sought, and should therefore be adjudicated by the Court in the venue that is most appropriate to decide the entire case.[2] See R. 7; cf. R. 1. Even Plaintiff's allegation that he has been "effectively blocked" from obtaining legal counsel is not new to the instant motion. See R. 7 at 3; cf. R. 1, ¶ 7. In his response to Defendants' venue transfer motion, Plaintiff requested additional time to secure legal counsel before filing a substantive opposition. See R. 5, ¶ 3(b). Defendants have not opposed the request, and understand that such a request may be deemed conceded by the Court. However, Plaintiff's filing of an additional motion that is substantively similar to that of the Complaint should not entitle Plaintiff to relief on the merits before the question of proper venue is decided by the Court.

In observance of Local Civil Rule 7(m), Defendants recognize that their instant motion contradicts directly that of Plaintiff's most recent motion, and therefore Defendants did not contact Plaintiff to request his position on this motion.

---

[2] One significant difference from the Complaint is that Plaintiff, in the instant Motion, asks the Court to respond to questions regarding its own jurisdiction. See R. 7, ¶ 6(a)-(c). This type of relief is not contemplated by the Federal Rules of Civil Procedure, as it is the parties' own responsibility to argue the jurisdiction of the Court to order the requested relief.

**CONCLUSION**

For the foregoing reasons, this Court should GRANT Defendants' motion and stay Plaintiff's Motion for an Immediate Court Order for a Writ of Peremptory Mandamus with Demand for Specific Performance and GRANT Defendants' motion for a transfer of venue to the District of Maryland.

Respectfully Submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


\_\_/s/_____
BRANDON L. LOWY
Special Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 307-0364

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GARY DUEY DULA, | ) |
| Plaintiff pro se, | ) |
| v. | ) Civil Action No. 08-0196 (RBW) |
| U.S. DEPARTMENT OF JUSTICE, et al. | ) |
| Defendants. | ) |

**ORDER**

Upon consideration of Defendants' Motion to Stay Plaintiff's Motion for an Immediate Court Order for a Writ of Peremptory Mandamus with Demand for Specific Performance, it is this _____ day of _____, 2008,

ORDERED that Defendants' Motion be, and hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion be, and hereby is, STAYED pending resolution of Defendants' Motion to Transfer.

SO ORDERED.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2008, I caused the foregoing Defendants' Opposition to, and Motion to Stay, Plaintiff's Motion for an Immediate Court Order for a Writ of Peremptory Mandamus with Demand for Specific Performance and Order to be filed via the Court's Electronic Case Filing system, and served upon plaintiff, *pro se*, by first-class mail, postage prepaid, addressed as follows:

GARY DUEY DULA, Plaintiff pro se
6207 Tecumseh Place
Berwyn Heights, MD 20740

                                                  /s/
                                       BRANDON L. LOWY