UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
GARY D. DULA,                       )
                                    )
       Plaintiff,                   )
                                    )
v.                                  )    Civil Action No. 08-196 (RBW)
                                    )
UNITED STATES                       )
DEPARTMENT OF JUSTICE, et al.,      )
                                    )
       Defendants.                  )
_____ )

**ORDER**

Gary D. Dula, the plaintiff/petitioner in this civil lawsuit representing himself pro se, seeks "immediate redress . . . to halt ongoing violations of [his] Fourth Amendment [r]ights and other illegal actions perpetrated against the [p]laintiff and his family by persons associated with [United States] intelligence agencies and others believed to be acting on their behalf." Complaint (the "Compl.") ¶ 1.[1] Specifically, the plaintiff asks the Court "to compel the [Department of Justice] to investigate [his] claims of multiple Fourth Amendment [r]ights violations and of criminal acts perpetrated against the [p]laintiff and his family by personnel associated with [the Central Intelligence Agency (the "CIA"), the National Security Agency (the "NSA"), the plaintiff's former employers,] and others" acting on behalf of these groups, id. ¶ 9, to "[p]rovide immediate protection to the [p]laintiff and his family," id. ¶ 9(a), to "[r]estore and insure the Fourth Amendment [r]ights of the [p]laintiff and his family," id. ¶ 9(b), to

---

[1] Although his initial filing is styled as a complaint, Mr. Dula seeks, inter alia, "an immediate [w]rit of [p]eremptory [m]andamus" against the Department of Justice, and thus is both a plaintiff in this case insofar as he seeks civil relief and a petitioner insofar as he seeks the issuance of a writ of mandamus from the Court. Compl. ¶ 2. Nevertheless, the Court will refer to Mr. Dula solely as the "plaintiff" throughout this order for ease of reference.

"[d]etermine the whereabouts and well[-]being of all of [the p]laintiff's immediate family members," id. ¶ 9(c), and to "[i]ntervene, review, and suspend ongoing actions of fraud against the [p]laintiff by the NSA," id. ¶ 9(d). Currently before the Court is the plaintiff's motion for a preliminary injunction and the defendants' motion to stay the plaintiff's motion pending disposition of its own motion to transfer this case to the District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a).

A preliminary injunction "is an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006) (internal quotation and citation omitted). In deciding whether to grant preliminary injunctive relief, the Court "must examine whether (1) there is a substantial likelihood plaintiff will succeed on the merits; (2) plaintiff will be irreparably injured if an injunction is not granted; (3) an injunction will substantially injure the other party; and (4) the public interest will be furthered by the injunction." Ellipso, Inc. v. Mann, 480 F.3d 1153, 1157 (D.C. Cir. 2007) (internal quotation and citation omitted). The Court "must balance these factors, and if the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." Id. (internal quotation and citation omitted). "Despite this flexibility, though, a movant must demonstrate at least some injury for a preliminary injunction to issue, . . . for 'the basis of injunctive relief in the federal courts has always been irreparable harm.'" Chaplaincy of Full Gospel Churches, 454 F.3d at 297 (quoting Sampson v. Murray, 415 U.S. 61, 88 (1974) (quotation omitted)) (further internal quotation omitted).[2]

---

[2] Because some showing of irreparable harm is a prerequisite for the issuance of a preliminary injunction, "[a] movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." Chaplaincy of Full Gospel Churches, 454 (continued . . .)

In this case, the plaintiff's request fails under all of the prongs set forth in Ellipso. He has adduced no evidence whatsoever in support of his factual allegations, many of which seem highly dubious.[3] Consequently, there is no likelihood of success on the merits of his claims, absent which "there [is] no justification for the [C]ourt's intrusion into the ordinary processes of administration and judicial review." Hubbard v. United States, 496 F. Supp. 2d 194, 198 (D.D.C. 2007). Further, he has submitted no evidence of any injury at all, let alone evidence that such an injury is "both certain and great; . . . actual and not theoretical." Wisc. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985).

Given the negligible likelihood of success on the merits of the plaintiffs' claim based on the record before the Court, the public policy prong of Ellipso's balancing test also favors the defendants, as that prong is "linked with the merits of the case." Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1326 (D.C. Cir. 1998). Finally, there can be little doubt that sweeping injunctive relief of the nature requested by the plaintiff—relief which would entail, inter alia, forcing the Department of Justice to locate members of the plaintiff's family and protecting them from unspecified alleged acts of harassment and surveillance by other government agencies—would

---

F.3d at 297 (citation omitted). Nevertheless, even if a district court concludes that a party seeking preliminary injunctive relief cannot demonstrate irreparable injury, the District of Columbia Circuit has instructed that it should address all of the factors set forth above because "[i]t is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with [Federal Rule of Civil Procedure 52]." Id. at 304-05. This rule requires a court considering an application for preliminary injunctive relief to "set forth the findings of fact and conclusions of law which constitute the grounds of its action." Fed. R. Civ. P. 52(a).

[3] According to the plaintiff, he received a "Secret" clearance "in the late 1990s," and was subsequently "advised that [the] CIA was considering [him] for 'a higher level of access' and [therefore intended] to subject the [p]laintiff to an extended 'security exercise.'" Compl. ¶ 4. The plaintiff alleges that "[t]his security exercise was intended to both entertain and stress the [p]laintiff under a broad range of circumstances in his private and professional life so as to more thoroughly explore the [p]laintiff's suitability for specialized programs," id., and "continued at the [p]laintiff's subsequent employer . . . in early 2001 with . . . the direct knowledge and active participation of both management and staff" at the new employer, id. ¶ 5. As part of this "exercise," the CIA and the NSA allegedly entered the plaintiff's residences illegally, searched and seized property from his residences illegally, engaged in illegal wiretaps and "call redirection," intercepted and altered his mail, falsified court, medical, and identification records, and "blocked" the plaintiff "from accessing those safe harbors established within federal agencies for refuge to the citizen abused by [the] government," including access to legal counsel. Id. ¶ 7.

3

impose a serious and unwarranted burden on the defendants. The Court will therefore deny without prejudice the plaintiff's motion for a preliminary injunction and will deny as moot the defendants' motion to stay the plaintiff's motion.

Separate and apart from the matters discussed above, both the plaintiff and the defendants have filed motions for extensions of time in this case: the plaintiff requests an extension of time in which to respond to the defendants' pending motion to transfer this case, and the defendants have requested an order extending the deadline for their answer or responsive motion to the plaintiff's complaint indefinitely until the Court has ruled on their motion to transfer this case. Both motions are conceded by the opposing side and will therefore be granted at this time.

Accordingly, it is

**ORDERED** that the plaintiff's motion for a preliminary injunction is **DENIED**, and that the defendants' motion to stay the plaintiff's motion is **DENIED** as moot. It is further

**ORDERED** that the defendants' motion for an extension of time in which to file an answer or responsive motion to the plaintiff's complaint is **GRANTED**. It is further

**ORDERED** that the defendants shall file their answer or responsive motion within fifteen days of the entry of any order denying their pending motion to transfer this case. It is further

**ORDERED** that the plaintiff's motion for an extension of time in which to file an opposition to the defendants' motion to transfer this case is **GRANTED**. It is further

**ORDERED** that the plaintiff shall file his opposition to the defendants' motion to transfer this case, if any he intends to file, on or before September 15, 2008.

**SO ORDERED** this 17th day of July, 2008.

REGGIE B. WALTON<br>United States District Judge